UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| JAMES F.,[1] | : | Case No. 3:20-cv-220 |
| | : | |
| Plaintiff, | : | Magistrate Judge Peter B. Silvain, Jr. |
| | : | (by full consent of the parties) |
| vs. | : | |
| | : | |
| COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | : | |
| | : | |
| | : | |
| Defendant. | : | |

**DECISION AND ENTRY**

Plaintiff James F. brings this case challenging the Social Security Administration's denial of his application for a period of disability and Disability Insurance Benefits. The case is before the Court upon Plaintiff's Statement of Errors (Doc. #12), the Commissioner's Memorandum in Opposition (Doc. #13), Plaintiff's Reply (Doc. #14), and the administrative record (Doc. # 11).

**I.    Background**

The Social Security Administration provides Disability Insurance Benefits to individuals who are under a "disability," among other eligibility requirements. *Bowen v. City of New York*, 476 U.S. 467, 470 (1986); *see* 42 U.S.C. §§ 423(a)(1), 1382(a). The term "disability" encompasses "any medically determinable physical or mental impairment" that precludes an applicant from

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to plaintiffs only by their first names and last initials. *See also* S.D. Ohio General Rule 22-01.

performing "substantial gainful activity." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); *see Bowen*, 476 U.S. at 469-70.

In the present case, Plaintiff applied for benefits on December 1, 2016, alleging disability due to several impairments, including back conditions, pain in his feet and legs, neuropathy, varicose veins, heel spurs, "kronk procedure," diabetes, cysts, and anxiety. (Doc. #11, *PageID* #s 112-13, 124, 266). After Plaintiff's application was denied initially and upon reconsideration, he requested and received a hearing before Administrative Law Judge (ALJ) Laura S. Twilley. Thereafter, the ALJ issued a written decision, addressing each of the five sequential steps set forth in the Social Security Regulations. *See* 20 C.F.R. § 404.1520. She reached the following main conclusions:

| | | |
|---|---|---|
| Step 1: | | Plaintiff has not engaged in substantial gainful activity since September 2, 2016. |
| Step 2: | | Plaintiff has the following severe impairments: diabetes mellitus, peripheral neuropathy, obesity, calcaneal spurs in feet, chronic pain syndrome, and osteoarthritis. |
| Step 3: | | Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one in the Commissioner's Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1. |
| Step 4: | | His residual functional capacity, or the most he could do despite his impairments, *see Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 239 (6th Cir. 2002), consisted of a "sedentary work … except no climbing ropes, ladders or scaffolds. He can occasionally climb ramps and stairs, stoop, crawl, and kneel. No crouching or balancing on uneven, moving, or narrow surfaces. No work involving any exposure to extreme hot temperatures, unprotected heights, or dangerous moving machinery. He will need to stand every 30 minutes for five minutes while remaining at the workstation and working. He will be unable to perform any production rate work or strict productions quotas and he will be off-task 5% of the workday." |

    Step 4:    Plaintiff is unable to perform any of his past relevant work.

    Step 5:    Considering his age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform.

(Doc. # 11, *PageID* #s 54-65). Based on these findings, the ALJ concluded that Plaintiff has not been under a benefits-qualifying disability since September 2, 2016. *Id.* at 66.

The evidence of record is adequately summarized in the ALJ's decision (Doc. #11, *PageID* #s 57-64), Plaintiff's Statement of Errors (Doc. #12), and the Commissioner's Memorandum in Opposition (Doc. #13). To the extent that additional facts are relevant, they will be summarized in the discussion section below.

## II.    Standard of Review

Judicial review of an ALJ's decision is limited to whether the ALJ's finding are supported by substantial evidence and whether the ALJ applied the correct legal standards. *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (citing *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)); *see Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 745-46 (6th Cir. 2007). Substantial evidence is such "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014) (citing *Rogers v. Comm'r of Soc. Sec.,* 486 F.3d 234, 241 (6th Cir.2007)). It is "less than a preponderance but more than a scintilla." *Id.*

The second judicial inquiry—reviewing the correctness of the ALJ's legal analysis—may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). Under this review, "a decision

of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746 (citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 546-47 (6th Cir. 2004)).

**III.     Discussion**

Plaintiff contends that ALJ Twilley erred in evaluating the medical opinions of record. (Doc. #s 12, 14).  In response, the Commissioner maintains that the ALJ appropriately considered the medical opinions and provided sufficient explanations regarding the weight given to the opinions.  (Doc. #13).

Social Security Regulations require ALJs to adhere to certain standards when weighing medical opinions. "Key among these is that greater deference is generally given to the opinions of treating physicians than to those of non-treating physicians, commonly known as the treating physician rule." *Rogers,* 486 F.3d at 242 (citations omitted).  The rule is straightforward:

> Treating-source opinions must be given "controlling weight" if two conditions are met: (1) the opinion "is well-supported by medically acceptable clinical and laboratory diagnostic techniques"; and (2) the opinion "is not inconsistent with the other substantial evidence in [the] case record."

*Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 376 (6th Cir. 2013) (quoting in part 20 C.F.R. § 404.1527(c)(2)); *see Gentry*, 741 F.3d at 723.[2]

---

[2] On January 18, 2017, the Social Security Administration promulgated "Revisions to Rules Regarding the Evaluation of Medical Evidence," which, among other things, served to eliminate the treating physician rule for claims filed on or after March 27, 2017.  *See* 82 Fed. Reg. 5844, 2017 WL 168819 (Jan. 18, 2017) (to be codified at 20 C.F.R. pts. 404, 416).  Plaintiff's application was filed prior to the effective date and, therefore, the treating physician rule is still applicable to his claims.

If the treating physician's opinion is not controlling, "the ALJ, in determining how much weight is appropriate, must consider a host of factors, including the length, frequency, nature, and extent of the treatment relationship; the supportability and consistency of the physician's conclusions; the specialization of the physician; and any other relevant factors." *Rogers*, 486 F.3d at 242 (citing *Wilson*, 378 F.3d at 544).

The Regulations also require ALJs to provide "good reasons" for the weight placed upon a treating source's opinions. *Wilson*, 378 F.3d at 544. This mandatory "good reasons" requirement is satisfied when the ALJ provides "specific reasons for the weight placed on a treating source's medical opinions." *Id.* (quoting Soc. Sec. R. 96-2p, 1996 WL 374188, at *5 (Soc. Sec. Admin. July 2, 1996)). The goal is to make clear to any subsequent reviewer the weight given and the reasons for that weight. *Id.* Substantial evidence must support the reasons provided by the ALJ. *Id.*

Plaintiff's treating physician, Matthew Schuermann, M.D., completed a medical impairment questionnaire in May 2018. (Doc. #11, *PageID* #700). He noted that Plaintiff has pain in his legs and feet due to neuropathy. He is off balance and has muscle cramping, constant burning, and numbness. Dr. Schuermann opined that Plaintiff could stand for up to one hour at a time and sit for up to one hour at one time. *Id.* He could work one to two hours per day but not continuously. He could occasionally lift up to five pounds. He cannot balance. He could occasionally bend, stoop, and raise his arms over shoulder level. He can frequently manipulate with his hands. He frequently needs to elevate his legs at or above the waist during an eight-hour workday. *Id.* Additionally, Dr. Schuermann opined that Plaintiff's pain is severe. Plaintiff

5

would be off task twenty percent of the time due to his physical/psychological symptoms and would be absent three times per month. *Id.* at 701. He noted that Plaintiff is on medication that can and does cause sedation and drowsiness. *Id.*

The ALJ assigned "partial weight" to Dr. Schuermann's opinion. *Id.* at 64. She noted that while Plaintiff does have limitations, they are not to the extent described by Dr. Schuermann. *Id.* Furthermore, the ALJ found that his opinion is not supported by the totality of the medical evidence or the EMG results that show only mild to moderate severity. *Id.*

Although the ALJ acknowledged in her decision that Dr. Schuermann is a treating source, the ALJ failed to mention the concept of "controlling weight" when analyzing Dr. Schuermann's opinions and failed to address the two factors of the treating physician rule.[3] *Id.*; *Gayheart*, 710 F.3d at 377 (finding error where the ALJ's "analysis does not explain to which aspect of the controlling-weight test [a] critique is relevant"). This failure constitutes reversible error because it "deprives the Court of the opportunity to meaningfully review whether [the ALJ] undertook the 'two-step inquiry' required when analyzing treating source opinions." *Marks v. Colvin*, 201 F. Supp. 3d 870, 882 (S.D. Ohio 2016); *see also Hatton v. Comm'r of Soc. Sec.*, No. 3:18-CV-008, 2018 WL 4766963, at *4 (S.D. Ohio Oct. 3, 2018), *report and recommendation adopted*, No. 3:18-CV-008, 2018 WL 5084758 (S.D. Ohio Oct. 18, 2018); *Reese v. Comm'r of Soc. Sec.,* No. 3:17-CV-283, 2018 WL 2381896, at *3 (S.D. Ohio May 25, 2018).

---

[3] Although the ALJ does refer to whether Dr. Schuermann's opinion is supported by the "totality of the medical evidence," it is not clear whether she is referring to the supportability factor or the first condition of the treating physician rule. However, given that the first condition of the treating physician rule requires only that the opinion be well-supported by medically acceptable clinical and laboratory diagnostic techniques—not the totality of the medical evidence—it is likely that the ALJ is referring to the supportability factor. *See Gayheart*, 710 F.3d at 376.

The ALJ also failed to adequately address the other factors set forth in 20 C.F.R. § 404.1527. Soc. Sec. R. 96-2p, 1996 WL 374188, at *8 (when a treating source opinion is not controlling, the treating source opinion is "still entitled to deference and must be weighed using all of the factors..."). The ALJ discounted Dr. Schuermann's opinion because it "is not supported by the totality of the medical evidence or the EMG results that show only mild to moderate severity." (Doc. #11, *PageID* #64) (citation omitted). But, other than the reference to one EMG, the ALJ failed to provide any citations to the record. *See Friend v. Comm'r of Soc. Sec.*, 375 F. App'x 543, 551 (6th Cir. 2011) ("Put simply, it is not enough to dismiss a treating physician's opinion as 'incompatible with other evidence of record: there must be some effort to identify the specific discrepancies and to explain why it is the treating physician's conclusion that gets the short end of the stick.""). Notably, the EMG revealed that Plaintiff has generalized peripheral sensorimotor neuropathy, which as the ALJ acknowledged, is of mild to moderate severity. (Doc. #11, *PageID* #892). Although the ALJ concludes that the EMG does not support Dr. Schuermann's opinion, it is also not inconsistent with Dr. Schuermann's opinion.

In sum, the ALJ failed to provide "good reasons" for discounting Dr. Schuermann's opinion. *See Rogers*, 486 F.3d at 242 (quoting Soc. Sec. Rul. 96–2p, 1996 WL 374188, at *4) ("the ALJ must provide 'good reasons' for discounting treating physicians' opinions, reasons that are 'sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.'"). "Because of the significance of the notice requirement in ensuring that each denied claimant receives fair process, a failure to follow the procedural requirement of identifying the reasons for discounting the

opinions and for explaining precisely how those reasons affected the weight accorded the opinions denotes a lack of substantial evidence, even where the conclusion of the ALJ may be justified based upon the record." *Rogers.*, 486 F.3d at 243 (citation omitted).

In contrast, the ALJ assigned "significant weight" to the opinions of the record-reviewing psychologists, Leslie Rudy, Ph.D., and Cindy Matyi, Ph.D. (Doc. #11, *PageID* #63). They found that Plaintiff's mental impairments were non-severe. *Id.* at 117-18. Dr. Rudy found that Plaintiff had a mild limitation in his ability to interact with others and a mild limitation in his ability to concentrate, persist, or maintain pace. *Id.* at 117. Dr. Matyi confirmed Dr. Rudy's assessment but also found that Plaintiff has a mild limitation in his ability to understand, remember, or apply information and his ability to adapt or manage oneself. *Id.* at 129.

In weighing their opinions, the ALJ recognized that Dr. Rudy and Dr. Matyi's opinions are based on their expertise and review of Plaintiff's records. Further, the ALJ found that their opinions are supported by the psychological consultative exam and objective medical evidence. *Id.* at 63. However, the ALJ did not identify any specific evidence that supports their opinions and did not provide any further explanation.[4] Such conclusory analysis of record reviewing opinions amounts to reversible error. *See Schumpert v. Comm'r of Soc. Sec.*, 310 F. Supp. 3d 903, 910 (S.D. Ohio 2018); *Woodcock v. Comm'r of Soc. Sec.*, 201 F. Supp. 3d 912, 920 (S.D. Ohio 2016);

---

[4] Although the ALJ found their opinions to be consistent with the opinion of Stephen W. Halmi, Psy.D., there are differences between the opinions. The ALJ failed to explain these differences. Dr. Halmi, who evaluated Plaintiff in January 2013, diagnosed unspecified depressive disorder, unspecified anxiety disorder, and somatic symptom disorder. (Doc. #11, *PageID* #s 540-44). Dr. Halmi opined that Plaintiff's "depression and anxiety are intertwined with his poor physical health. As long as his physical health remains compromised, he is likely to have some depression and anxiety." *Id.* at 544. Accordingly, he opined that Plaintiff's prognosis is guarded. *Id.* Dr. Halmi concluded that Plaintiff's "chronic pain may effect his ability to respond appropriately to work pressures in a competitive work environment due to a reduced frustration tolerance and a belief that … he is disabled because of his physical restrictions." *Id.* at 546.

*Hollon v. Comm'r of Soc. Sec.*, 142 F.Supp.3d 577, 584 (S.D. Ohio 2015) (holding that "[s]imply restating a non-treating source's opinion and offering a conclusory assessment, without further discussion, fails to satisfy the requirement that the ALJ provide meaningful explanation of the weight given to all the medical opinion evidence").

IV. <u>Remand</u>

A remand is appropriate when the ALJ's decision is unsupported by substantial evidence or when the ALJ failed to follow the Administration's own regulations and that shortcoming prejudiced the plaintiff on the merits or deprived the plaintiff of a substantial right. *Bowen*, 478 F.3d at 746. Remand may be warranted when the ALJ failed to provide "good reasons" for rejecting a treating medical source's opinions, *see Wilson*, 378 F.3d at 545-47; failed to consider certain evidence, such as a treating source's opinions, *see Bowen*, 478 F.3d at 747-50; failed to consider the combined effect of the plaintiff's impairments, *see Gentry*, 741 F.3d at 725-26; or failed to provide specific reasons supported by substantial evidence for finding the plaintiff lacks credibility, *see Rogers*, 486 F.3d at 249.

Under sentence four of 42 U.S.C. § 405(g), the Court has authority to affirm, modify, or reverse the Commissioner's decision "with or without remanding the cause for rehearing." *Melkonyan v. Sullivan*, 501 U.S. 89, 99 (1991). Consequently, a remand under sentence four may result in the need for further proceedings or an immediate award of benefits. *E.g., Blakley*, 581 F.3d at 410; *Felisky v. Bowen*, 35 F.3d 1027, 1041 (6th Cir. 1994). The latter is warranted where the evidence of disability is overwhelming or where the evidence of disability is strong while

contrary evidence is lacking. *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994).

A judicial award of benefits is unwarranted in the present case because the evidence of disability is not overwhelming and the evidence of disability is not strong while contrary evidence is lacking. However, Plaintiff is entitled to have this case remanded to the Social Security Administration pursuant to sentence four of § 405(g) due to the problems discussed above. On remand, the ALJ should be directed to evaluate the evidence of record, including the medical source opinions, under the applicable legal criteria mandated by the Commissioner's Regulations and Rulings and by case law; and to evaluate Plaintiff's disability claim under the required five-step sequential analysis to determine anew whether Plaintiff was under a disability and whether his application for Disability Insurance Benefits should be granted.

## IT IS THEREFORE ORDERED THAT:

1. The Commissioner's non-disability finding be vacated;

2. No finding be made as to whether Plaintiff James F. was under a "disability" within the meaning of the Social Security Act;

3. This matter be **REMANDED** to the Social Security Administration under sentence four of 42 U.S.C. § 405(g) for further consideration consistent with this Decision and Entry; and

4. The case be terminated on the Court's docket.

January 28, 2022                                          *s/Peter B. Silvain, Jr.*
                                                          Peter B. Silvain, Jr.
                                                          United States Magistrate Judge